UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARVIN RAY THOMAS,

    Defendant.

_____/

Hon. Robert J. Jonker

Case No. 1:13-cr-00126

## REPORT AND RECOMMENDATION

This matter is before the Court on the objection (Dkt. 73) of defendant Marvin Ray Thomas to a writ of continuing garnishment issued to garnishee state of Michigan (Dkt. 69). The matter was referred to the undersigned by the Honorable Robert J. Jonker under 28 U.S.C. §636(b)(1)(A); however, because there appears to be no Sixth Circuit authority on point, the undersigned has concluded that this reference should be addressed by report and recommendation under 28 U.S.C. §636(b)(1)(B).

On November 20, 2015, the government applied for a writ of continuing garnishment to the state of Michigan regarding defendant Marvin Ray Thomas' state income tax return (Dkt. 68), which garnishment was issued November 23, 2015 (Dkt. 69). Defendant objected to the garnishment (Dkt. 73), alleging that he does not file tax returns as he does not have sufficient income. Secondly, he seems to object on the basis that the garnishment is not "fair." The government was ordered to file a response to Thomas's objection to writ of garnishment, which it did (Dkt. 75). As a practical matter this garnishment may be of no effect since based on defendant's presentence report it is unlikely defendant will be entitled to any Michigan state income tax refund. However, it

also appears that the writ of continuing garnishment is appropriate and that defendant has failed to show that it is not.

## FACTS AND PROCEDURAL HISTORY

On November 18, 2014, an amended judgment was entered against defendant Marvin Ray Thomas on one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 1342 (Dkt. 56). Defendant was sentenced to 12 months and one day of incarceration and three years of supervised release,[1] and was ordered to pay $26,788.00 in restitution and a $100.00 special assessment. Defendant has been making payments of $50 a month on the restitution (Dkt. 75-1, PageID.318), leaving an outstanding balance of $26,128.58.[2]

Defendant, at the time of sentencing and the time of the entry of the amended judgment, never objected to the mandatory nature of restitution. His defense attorney recognized the mandatory nature of the restitution and, although the court ruled denying additional restitution requested by the government (Dkt. 65), defendant did not dispute the ordered amount of $26,788.00 (Dkt. 59, 64, 65).

The defendant debtor was notified pursuant to the Federal Debt Collection Procedures Act on December 3, 2015, of the writ of continuing garnishment. 28 U.S.C. § 3202(b). Defendant filed a pro se objection to the writ (Dkt. 73). He articulated no legitimate objection to the garnishment of his state income tax return. Property exempted from garnishment for satisfaction of unpaid restitution is limited to property that is exempt

---

[1] On November 23, 2015, the defendant's term of supervised release was terminated early (Dkt. 71).

[2] There was no payment schedule for restitution set out in the amended judgment. I have been advised by defendant's supervising officer, Terry Smith, that this amount of $50.00 per month was agreed to as reasonable by Officer Smith and defendant. And, as noted, defendant has regularly been making the agreed payments.

from levy for taxes pursuant to 26 U.S.C. §§ 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12). 18 U.S.C. §§ 3613(a)(1) and (f). Such property is limited to:

(1) Wearing apparel and school books;

(2) Fuel, provisions, furniture, and personal effects [limited to $9,080 in value];[3]

(3) Books and tools of a trade, business, or profession;

(4) Unemployment benefits;

(5) Undelivered mail;

(6) Certain annuity and pension payments;

(7) Workmen's compensation;

(8) Judgments for support of minor children;

(10) Certain service-connected disability payments;

(12) Assistance under Job Training Partnership Act.

After receiving notice of the government's intention to execute on property, the judgment debtor has 20 days to request a hearing. 28 U.S.C. § 3202(d). Defendant Marvin Ray Thomas has explicitly disavowed any interest in having a hearing in his pro se objection (Dkt. 73). The government interprets his second objection (other than his statement that he does not file a Michigan tax return) to claim that the restitution amount was paid in full. The undersigned interprets it somewhat differently. Instead, after reviewing defendant's presentence report, I interpreted his objection as a claim that the garnishment is not "fair," disputing his level of responsibility for the underlying conduct.

---

[3] The statute provides an exemption threshold of $6,250. 26 U.S.C. § 6334(a)(2). However, 26 U.S.C. § 6334(g) requires that exemption thresholds be adjusted by calendar year for inflation. The exemption threshold under 26 U.S.C. § 6334(a)(2) for calendar year 2015 is $9,080.

However, as noted above, his defense attorney recognized the mandatory nature of the restitution and did not dispute the amount.

## CONCLUSION

It appears that defendant Thomas is seeking to diminish his responsibility for claims to which he pled guilty, resulting in an amended judgment which he never appealed. Defendant does not claim any exemption under the relevant statutes. Therefore, the undersigned respectfully recommend that defendant Marvin Ray Thomas' objections (Dkt. 73) be denied.


Date:  February 5, 2016                          /s/ Ellen S. Carmody
                                                 ELLEN S. CARMODY
                                                 U.S. Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).